UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| NATHANIEL THOMAS, et al | CIVIL ACTION NO. 12-0087 |
| -vs- | JUDGE DRELL |
| WAL-MART LOUISIANA, LLC, *et al.* | MAGISTRATE JUDGE KIRK |

**REPORT AND RECOMMENDATION**

Before the Court is plaintiffs' Motion to remand, **Doc. # 6**, referred to me by the district judge for Report and Recommendation.

FACTUAL BACKGROUND

Plaintiff, Nathaniel Thomas, alleges that he and his wife were customers in the Pineville, Louisiana Wal-Mart store on January 25, 2010, when he tripped on a pallet on which a merchandise display was sitting, but which protruded several inches past the merchandise. Plaintiffs sued Wal-Mart and one of its assistant managers, Katy Powell, alleging that Powell actually created the hazard or that she had actual knowledge of the hazard or should have known of it.

Defendants removed the case to this court in docket number 11-0367 asserting that Powell was improperly joined because there was no possibility of recovery against her. Plaintiffs filed an opposition to the motion and defendants opposed it, relying principally on the affidavit of Katy Powell. Powell attested that she did not stack the boxes, place the pallet, never touched any boxes on the pallet, and never touched the pallet. In summary she

attested that she had no "'hands-on' involvement with the location, placement and setup of the display". Relying on Powell's statement that "the only knowledge I had of the display and pallet in question was that I was aware of its existence in the Wal-Mart Store while performing my general administrative duties as an assistant manager for Wal-Mart", the district judge found that Powell admitted she was aware of the hazard, failed to correct it and, therefore, there is a possibility of recovery against her.[1] Therefore, the district judge remanded the case to the state court on August 3, 2011.

Powell's discovery deposition was taken on October 19, 2011. Believing that Powell's deposition testimony eliminated any doubt that she had no personal responsibility, Wal-Mart filed a motion for summary judgment in the state court. The hearing on the motion was set for January 9, 2012 and no opposition was filed by plaintiff by the deadline for such. A few days after the deadline, plaintiff, through counsel, presented the state district judge with an ex parte motion for continuance and a motion to compel. Without waiting for a response by Wal-Mart, and without a hearing, the judge continued the hearing on the motion for summary judgment without date.

---

[1] My reading of the affidavit, as reflected by my prior Recommendation, is that Powell admitted only that she was aware of the *pallet's* existence, not the hazard; for she attested that "the only knowledge I had of the display and pallet in question was that I was aware of its existence . . ." The pronoun "its" was substituted for the word "pallet" and/or "display". "Hazard" was not mentioned in her sentence and was not the object of the pronoun "its". My view was then and is now that the mere knowledge of the existence of a pallet and display in the store does not equate to knowledge of a hazard within the pallet or display.

Wal-Mart anticipated that its motion for summary judgment would be granted on January 9, 2011, and Powell would be dismissed (resulting in complete diversity). It planned to remove the case again. However, plaintiff's counsel's ex parte motion which continued the hearing, spoiled Wal-Mart's plans, because the case may only be removed within one year of the date it was filed. 28 USC §1446(b).

Wal-Mart nevertheless removed the case (prior to the expiration of the one-year removal window), resulting in this motion to remand. In removing the case, Wal-Mart argues that its motion for summary judgment was unopposed, the delays for opposing it had passed, and the motion would have been granted, dismissing Powell and creating complete diversity. Wal-Mart alleges that plaintiff's counsel's last minute motion continuing the hearing on the motion for summary judgment was nothing more than forum manipulation, that is, an attempt to prevent Wal-Mart from removing the case within a year. Wal-Mart also suggests that the motion to compel, the reason for which was to obtain additional discovery answers, did not seek any information regarding Powell's actions with regard to the pallet, and thus there was no reason to continue the hearing. Wal-Mart urges this court to apply an equitable exception to the statute's time limits for removal as was done in Tedford v. Warner-Lambert Co., 327 F.3d 423 (5th Cir. 2003) and hold that, even though no dismissal of Powell occurred in the state court, "other paper" be deemed to exist because of the forum manipulation they assert occurred.

DISCUSSION

Under Tedford v. Warner-Lambert Co., 327 F.3d 423 (5th C. 2003), exceptions may be made to the jurisdictional requirements where evidence of forum manipulation is present. Cases from the Fifth Circuit and other courts have recognized an exception to the one-year rule contained in the removal statute where the plaintiff has intentionally manipulated the proceedings in order to avoid removal. In Tedford, supra, cited by defendants, the Fifth Circuit found that plaintiff had clearly engaged in forum manipulation by adding a new non-diverse defendant upon learning that the defendants planned to remove to federal court, and by signing and post-dating a notice of non-suit as to the non-diverse defendant before the one-year period expired, but not filing the notice until after the one-year period expired. Therefore, it held, equity required extending the one-year limit for removal. Thus, the Fifth Circuit found that when a plaintiff "has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the one-year limit in §1446(b) be extended." Id. at 428-429. Cases interpreting Tedford have noted the "manipulative and seemingly fraudulent" maneuvers in Tedford and have required an "egregious, clear pattern of forum manipulation." See discussion by Judge Minaldi in Joiner v. McLane, 2008 WL 1733655 (WDLA 2008).

The timing of plaintiff's counsel's state court motion to continue as well as the circumstances present, point to forum manipulation. The case had been removed once before so the parties were attuned to the removal issue regarding Powell. The motion to continue was filed only a few days before the date of the hearing such that had the hearing been reset, it likely would have been set after the one year period for removal had run. The motion was

4

presented ex-parte, without notice to Wal-Mart's counsel or an opportunity for a hearing or to oppose the motion. The motion was based on the need for a hearing on plaintiff's motion to compel; yet, even if the motion to compel had been granted it was too late for plaintiff to oppose Wal-Mart's motion for summary judgment with any information that might have been gained for the delays for opposition had expired. In addition, my review of the information sought through the motion to compel reveals it was not information relevant to the motion for summary judgment which sought only to dismiss Powell.  Therefore, the reason for the continuance of the hearing on the motion for summary judgment had nothing to do with the summary judgment.

Here, through no apparent fault of Wal-Mart's counsel–at least none has been suggested– Wal-Mart was approaching the end of the one-year period to remove the case based on the dismissal of Powell. Days before the hearing on the motion for summary judgment, plaintiff's motion for continuance of the hearing on the motion for summary judgment was presented  ex parte, without notice to Wal-Mart's counsel, to the judge who signed it without a hearing or opportunity for Wal-Mart to oppose the motion. The reason for the continuance, was without basis in fact which could have been shown had a hearing been held. And, regardless, it was too late for plaintiff's attorney to use any of the information he obtained to oppose the summary judgment because the delays for doing so had already expired. This is the kind of egregious, manipulative maneuver that Tedford found warranted an exception to the normal removal time limits. Here, where the removal occurred within the one year period but before the state court had a chance to dismiss the

wrongly named defendant, the same equitable result should obtain.[2] It should be deemed that Powell's <u>unopposed</u> motion for summary judgment, which was based on solid evidence from her deposition that she had nothing to do with the hazard, would have resulted in Powell's dismissal.[3] Complete diversity would have existed and the case would have been removable within the one year period. The motion to remand should be denied.

## CONCLUSION

IT IS RECOMMENDED that the motion to remand and for attorney fees, doc. **#6,** is **DENIED.**

## **OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as

---

[2]  Wal-Mart could have waited until after the state court ruled (and after the one-year period for removal had run) and then removed the case, utilizing a more straightforward application of the Tedford rationale. I see no difference in the application of the Tedford principle in either instance.

[3]  While not raised by the plaintiff, it might be suggested that the state court judge might have denied the motion for summary judgment or that the judge might not have rendered his decision before January 25, 2012 (after the hearing on January 9th).  Because the motion was unopposed, and supported by substantial evidence, it seems quite likely that the state court judge would have granted the motion quickly, perhaps ruling from the bench. However, plaintiff's manipulative maneuvers eliminated even the possibility, much less the probability, that Powell would have been dismissed within the one-year period. As between an innocent party and a party attempting to manipulate the forum, the latter should suffer the consequences of his actions and should be estopped from arguing that the motion might not have been granted or that it might not have been ruled upon prior to the one-year deadline.

supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection tot he magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 3rd day of April, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE